Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                     1:20-cv-02983

| | |
|---|---|
| Catherine Tinelli, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Costco Wholesale Corporation, | |
| Defendant | |

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      Costco Wholesale Corporation ("defendant") manufactures, distributes, markets, labels and sells ice cream bars purported to be dipped in chocolate and almonds, under the Kirkland Signature brand ("Product").

2.      The Product is available to consumers from defendant's retail stores and is sold in boxes of 18 bars (55.8 OZ).

3.      The relevant representations include "Kirkland Signature," "Ice Cream Bars," "Chocolate Almond Dipped Vanilla," a picture of the product and vignette of vanilla beans, the vanilla flower, pieces of chocolate and whole almonds.



4.      Chocolate has been a frequent target of "food fraud," where economically-motivated actors replace the high value chocolate liquor with the lower priced vegetable oils.[1]

5.      Consumers prefer chocolate to its cheaper imitations which contain vegetable oil, because it has a smooth and creamy taste and provides greater satiety compared to the waxy mouthfeel and lesser satiety when the cacao butter is replaced or supplemented with vegetable oils.

6.      To protect consumers against such economic deception, standards of identity were established by the Food and Drug Administration ("FDA") for many of the most common foods, including different types of chocolates. *See* 21 C.F.R. § 163.123 ("Sweet chocolate."); 21 C.F.R. § 163.124 ("White chocolate."); 21 C.F.R. § 163.124 ("Milk chocolate."); 21 C.F.R. § 163.124 ("Buttermilk chocolate."); 21 C.F.R. § 163.124 ("Skim milk chocolate."); 21 C.F.R. § 163.124 ("Mixed dairy product chocolates.").

---

[1] Ivan Bohačenko, et al., "Chocolate authenticity control concerning compliance with the conditions for adding cocoa butter equivalents as laid down by directive 2000/36 EC," Czech Journal of Food Science 23 (2005): 27-35.

7.     These standards gave consumers confidence that what was on the front label conformed with what was inside, not requiring the average, hurried shopper to apply a magnifying glass to every inch of the package.

8.     All standardized chocolate products are based on chocolate liquor, dairy ingredients, sweeteners and flavorings.  *See, e.g.,* 21 C.F.R. § 163.124(a)(1) ("Milk chocolate is the solid or semiplastic food prepared by intimately mixing and grinding <u>chocolate liquor</u> with one or more of the <u>optional dairy ingredients</u> and one or more <u>optional nutritive carbohydrate sweeteners</u>, and may contain one or more of the <u>other optional ingredients</u> specified in paragraph (b) of this section.").

9.     Chocolate liquor, also known as "cocoa mass," is the result of "finely grinding cacao nibs." *See* 21 C.F.R. § 163.111(a)(1).

10.     Cacao nibs are the small pieces of crushed cacao, or cocoa beans. *See* 21 C.F.R. § 163.110(a)(1).

11.     The ingredients excluded from chocolate products are also similar, and include vegetable oils of all kinds.

12.     That chocolate can be used as a coating has long been established.  *See* 21 C.F.R. § 163.130(c) ("The name of the food is 'milk chocolate' or 'milk chocolate coating'.").

13.     However, the high melting point of cacao fat relative to ice cream and frozen desserts may cause difficulty when applied to packaged consumer foods – as opposed to dipping an ice cream bar directly in chocolate for immediate consumption.

14.     In producing the Product, companies like defendant use a low-melting-point coating that is not generally known to consumers of coated frozen desserts by any particular name.

15.     Consumers are not aware of the differences in composition of these coatings, because

they are sold as such only to manufacturers of such desserts under such terms as "Ice Cream Coating," "Paddle Pop Paste" and other similar designations which fails to identify the product for what it is or differentiates it from other chocolate products which it resembles.

16.    Defendant identifies the Product on the front label as being coated with "Chocolate," which is not an accurate, informative, or truthful designation and deceives consumers.

17.    The Product's ingredient list reveals that it actually is made with "Milk Chocolate Flavored Coating," instead of the real chocolate consumers expect and the law requires.

Ingredient List



**INGREDIENTS:**

**ICE CREAM:** Cream, Milk, Nonfat Milk, Sugar, Egg Yolk, Vanilla Extract.

**MILK          CHOCOLATE          FLAVORED COATING  WITH  ALMONDS:** Coating (Sugar, Coconut Oil, Nonfat Dry Milk, Unsweetened Chocolate, Soybean Oil, Unsweetened Chocolate Processed With Alkali, Soy Lecithin), Roasted Almonds (Almonds, Cottonseed Oil).

18.    Defendant's identification of the coating on the ingredient list is also misleading because it fails to disclose the presence of vegetable oil components and uses the creative name

4

"Milk Chocolate Flavored Coating With Almonds."

19.    The Product's representations are misleading because "Milk Chocolate Flavored Coating With Almonds" is not a truthful or accurate name, because it omits the presence of vegetable oils which are a part of the coating.

20.    It is false, deceptive and misleading to represent the Product as being made with chocolate without disclosing the addition of coconut oil and soybean oil, ingredients which are prohibited in chocolate.

21.    Where a coating contains chocolate and non-cacao fats like vegetable oils or vegetable fats, standards of identity for cacao products require this fact be disclosed in its name:

> *Nomenclature*. The name of the food is "milk chocolate and vegetable fat coating" or "skim milk chocolate and vegetable fat coating", as appropriate. Alternatively, the common or usual name of the vegetable derived fat ingredient may be used in the name of the food, e.g., "milk chocolate and ___ oil coating", the blank being filled in with the common or usual name of the specific vegetable fat used.

*See* 21 C.F.R. § 163.155(c).

22.    An accurate and non-misleading name for the "chocolate" promoted on the front label (and falsely described on the ingredient list) would be "milk chocolate and coconut and soybean oil coating."

23.    The vignette of chocolate on the front label is also misleading because it fails to also include an image of coconut or soybean oil.

24.    While it may be considered a "half-truth" to use the word "chocolate" on the front label because the "milk chocolate and coconut and soybean oil coating" *contains* chocolate, the omission of the vegetable oils renders the "chocolate" statement misleading.

25.    This is because the chocolate could not be part of the Product *without* the added vegetable oils, due to their functional effects.

26.    Defendant's branding and packaging of the Product is designed to – and does –

deceive, mislead, and defraud plaintiff and consumers.

27.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers like plaintiff.

28.    The value of the Product that plaintiff purchased and consumed was materially less than its value as represented by defendant.

29.    Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for them.

30.    As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $10.99 per box of 18 bars, excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

31.    Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

32.    Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

33.    Plaintiff Catherine Tinelli is a citizen of New York.

34.    Defendant Costco Wholesale Corporation is a Washington corporation with a principal place of business in Issaquah, King County, Washington and is a citizen of Washington.

35.    This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

36.    Venue is proper in this judicial district because plaintiff Rhoden purchased the

Product and resides in this district and became aware of the events or omissions giving rise to the claims in this district. *See* 28 U.S.C. § 1391(b)(2).

37.    Venue is further supported because many class members reside in this District.

## Parties

38.    Plaintiff Catherine Tinelli is a citizen of Bronx, Bronx County, New York.

39.    Defendant Costco Wholesale Corporation is a Washington corporation with a principal place of business in Issaquah, Washington, King County.

40.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product contained chocolate, understood to specifically exclude vegetable oils and vegetable fats.

41.    Plaintiff bought the Product because she liked the product type for its intended use and expected the coating to contain and be made with only chocolate and not substitute or lower quality ingredients, *viz*, vegetable oils.

42.    Plaintiff would buy the Product again if assured it only contained a chocolate coating.

## Class Allegations

43.    The class will consist of all purchasers of the Product in New York during the applicable statutes of limitations.

44.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

45.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

46.    Plaintiff is an adequate representatives because her interests do not conflict with other members.

47.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

48.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

49.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

50.    Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL"), §§ 349 & 350
(Consumer Protection Statutes)

51.    Plaintiff incorporates by reference all preceding paragraphs.

52.    Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

53.    Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

54.    Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

55.    The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

56.    The amount and proportion of the characterizing component, chocolate coating, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

57. Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

58. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Negligent Misrepresentation

59. Plaintiff incorporates by reference all preceding paragraphs.

60. Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

61. The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

62. The amount and proportion of the characterizing component, chocolate coating, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

63. Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

64. This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product type.

65. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

66. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the

9

Product.

67.    Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

68.    Plaintiff incorporates by reference all preceding paragraphs.

69.    The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

70.    The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

71.    The amount and proportion of the characterizing component, chocolate coating, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

72.    Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

73.    This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

74.    Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

75.    Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding

the Product, of the type described here.

76.     The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

77.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

78.     Plaintiff incorporates by reference all preceding paragraphs.

79.     The presence of chocolate – understood as excluding vegetable oils and vegetable fats – has a material bearing on price or consumer acceptance of the Product because chocolate provides greater satiety and a creamy and smooth mouthfeel compared to vegetable oils, which provide less satiety, a waxy and oily mouthfeel and leave an aftertaste.

80.     The amount and proportion of the characterizing component, chocolate coating, has a material bearing on price or consumer acceptance of the Products because consumers are willing to pay more for such Products.

81.     Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front labels, when it knew its statements were neither true nor accurate.

82.     Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

83.     Plaintiff incorporates by reference all preceding paragraphs.

84.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

　**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   April 13, 2020

<div style="margin-left:40%">

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
_____
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

</div>

12

1:20-cv-02983
United States District Court
Southern District of New York

Catherine Tinelli, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Costco Wholesale Corporation,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
    Tel: (516) 303-0552
    Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  April 13, 2020

/s/ Spencer Sheehan
Spencer Sheehan